**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARK E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 22-cv-2519-HLT-TJJ |
| | ) | |
| USD 501 SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff commenced this action *pro se* on December 15, 2022 by filing a Complaint (ECF No. 1) alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and naming the USD 501 School District as Defendant. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[1] For parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides the court discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

complexity of the legal issues raised by the claims."[3]  The burden is on Plaintiff to convince the Court that his claim has sufficient merit to warrant the appointment of counsel.[4]  In this instance, the Court examines Plaintiff's complaint to determine whether he satisfies his burden.  Plaintiff's complaint does not provide a sufficient basis for the Court to find that this action warrants appointment of counsel.

Based on the Court's review of the documents Plaintiff has filed to date, the Court finds that Plaintiff appears able to adequately communicate to the Court the pertinent facts giving rise to his claims.  Plaintiff appears to have used the employment discrimination forms provided by this Court to assist him in preparing his Complaint, and he has supplemented those with additional writings.  Plaintiff also filed a charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission, in which he articulated his claim.  This case asserts claims against a single defendant.  Given the liberal standards governing pro se litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel.  The Court finds that Plaintiff has not met his burden for appointment of counsel under 28 U.S.C. § 1915(e)(1).

The district court also has discretion to appoint counsel for a plaintiff who asserts claims under Title VII "in such circumstances as the court may deem just."[5]  The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[6]  Before the Court may appoint counsel, the "plaintiff must make

---

[3]*Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Hill,* 393 F.3d at 1115.

[5] 42 U.S.C. § 2000e-5(f)(1).

[6] *Castner,* 979 F.2d at 1420-21.

affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[7]  In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[8]  The discretion granted to the court in appointing counsel is extremely broad.[9]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . .  so that willing counsel may be located without the need to make coercive appointments."[10] Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[11]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards.  Based on the Court's review of the motion, along with the complaint filed in the case, the Court finds that Plaintiff has shown financial inability to pay for counsel and diligence in attempting to secure counsel.

Nonetheless, where the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time.  Finally, the Court already has considered the

---

[7] *Id.*

[8] *Id.* at 1421.

[9] *Id.* at 1420.

[10] *Id.*

[11] *Id.*  The Court intends no criticism of Plaintiff or his claims.  Rather, the statement reflects the difficulty of finding counsel who agree to represent a civil claimant without fee.

fourth *Castner* factor, i.e., Plaintiff's capacity to present the case without counsel.  The Court

therefore declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel

(ECF No. 4) is DENIED.

Dated in Kansas City, Kansas this 10th day of January, 2023.


Teresa J. James
U. S. Magistrate Judge