## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARK E. BROWN,**

    **Plaintiff,**

    **v.**

**UNIFIED SCHOOL DISTRICT #501,**


    **Defendant.**

**Case No. 2:22-CV-2519-HLT-TJJ**


## <u>MEMORANDUM AND ORDER</u>

Plaintiff filed this case on December 15, 2022, designating Kansas City, Kansas, as the place of trial. On September 15, 2023, Defendant filed a Motion to Determine Topeka as Place of Trial (ECF No. 38). On September 20, 2023, Plaintiff filed a response brief (ECF No. 43), on September 29, 2023, Defendant filed a reply brief (ECF No. 47), and on October 2, 2023, Plaintiff filed a sur-reply brief (ECF No. 48).[1]  Defendant contends trial in this case should be held in Topeka rather than in Kansas City because Plaintiff does not reside in or live close to Kansas City and holding trial in Kansas City would be substantially inconvenient to the parties and witnesses

---

[1] On October 11, 2023, Defendant filed a Motion to Strike Plaintiff's Sur-Replies. To the extent Defendant is requesting that the Court strike Plaintiff's Reply to Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Determine Topeka, Kansas as Place of Trial (ECF No. 48), the motion is granted. D. Kan. Rule 7.1c limits briefing on motions to a motion, a supporting memorandum, a response, and a reply. A party may file a sur-reply only in "rare circumstances." *Dodson Int'l Part, Inc. v. Williams Int'l Co., LLC*, 2020 WL 4904049, at *1 (D. Kan. 2020). Here, Plaintiff did not explain the "rare circumstances" justifying an additional filing, and he did not seek leave to file a sur-reply. Therefore, the Court does not consider Plaintiff's sur-reply (ECF No. 48).

in this case. Plaintiff argues trial should take place in Kansas City because Plaintiff will not receive a fair trial in Topeka. For the reasons explained below, Defendant's motion is granted.

## I.    Legal Standards

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[2] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[3] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[4] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer.[5] The

---

[2] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[3] 28 U.S.C. § 1404(a).

[4] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).

[5] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

moving party bears the burden of proving that the existing forum is inconvenient.[6]  Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[7]  Each of the five enumerated factors is considered in turn below.

## II.   Analysis

### A.  Plaintiff's Choice of Forum

Defendant argues Plaintiff's choice of Kansas City as the forum for trial should be afforded virtually no weight within the balance of factors. Specifically, Defendant notes (and it is undisputed) that Plaintiff does not reside in or near Kansas City.  Although Plaintiff's choice of forum is entitled to great deference, such consideration is given less weight if the plaintiff's choice of forum is not his residence.[8] "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[9] Although the Court considers Plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and

---

[6] *Id.*

[7] *Spires v. Hospital Corp. of America*, No. 06-2137-JWL, 2006 WL 1642701, *3 (D. Kan. June 8, 2006); *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[8] *Tiffany v. City of Topeka,* No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, 2007 WL 913925, at *2 (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[9] *Spires*, 2006 WL 1642701, at *2 (citations omitted).

the forum's connection to the plaintiff is even more so."[10] For these reasons, in its analysis the Court takes into account Plaintiff's Kansas City choice of forum but gives it little weight.

   B.   *Convenience of the Witnesses*

   As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.[11] Ultimately, the Court will grant the transfer motion only if it finds Kansas City is substantially inconvenient, not just that Topeka is marginally more convenient.[12] Defendant argues transferring the forum to Topeka would reduce the burden on Plaintiff, Defendant, and the majority of witnesses identified by the parties.[13] In response, Plaintiff states Defendant "failed to mention that when Mr. Cowan [a former USD 501 teacher] had his trial in Kansas City, the witnesses for both parties traveled from Topeka to Kansas City for trial and Defendant USD 501 did not complain."[14]

   This case concerns alleged employment retaliation and activities occurring at Plaintiff's former place of employment, USD 501, a school district located in Topeka, Kansas. Topeka is approximately 60 miles away from Kansas City. In their initial disclosures, Defendant lists 12 fact witnesses and Plaintiff lists 14 fact witnesses. Of the 26 total witnesses listed, 18 live in Topeka. Defendant argues a Kansas City trial location is substantially inconvenient for these 18 fact

---

[10] *Id.*, at *3.

[11] *Id.* (citing *Meek & Assocs., Inc. v. First Union Ins. Grp.*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001) ("Convenience of the non-party witnesses is the most important factor to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

[12] *Menefee*, 2009 WL 1313236, at *2.

[13] ECF No. 39, at 3.

[14] ECF No. 43, at 2.

witnesses, as they would have to travel 120 miles round trip to Kansas City, and they would not have to travel to Topeka.

Plaintiff and Defendant also list two fact witnesses from Holton, Kansas, one fact witness from Corning, Kansas, and one fact witness from Osage City, Kansas. Holton is 94 miles from Kansas City, but only 33 miles from Topeka. Corning is 122 miles from Kansas City, but only 60 miles from Topeka. Osage City is 86 miles from Kansas City, but only 39 miles from Topeka. Defendant argues a Kansas City trial location would be substantially inconvenient for these four witnesses as they would have to travel roughly two to three times as far to Kansas City as they would to Topeka.

In *Barge v. O'Malley*, in granting the motion to change trial location, this court found the convenience of witnesses factor strongly favored transferring the case from Kansas City to Topeka.[15] In *Barge*, the court found plaintiff did not live in her chosen forum and of the over 30 fact witnesses, only one resided in Kansas City and at least 15 lived closer to Topeka than Kansas City.[16] The 15 witnesses would have had to drive over twice the distance to Kansas City as they would to Topeka.[17] For the same reason, the Court finds the convenience of witnesses factor strongly favors transferring this case from Kansas City to Topeka. Defendant has listed over 20 witnesses that either live in Topeka or substantially closer to Topeka than Kansas City, and only one witness who lives in Kansas City. Therefore, the majority of the fact witnesses would be

---

[15] *Barge v. O'Malley's Inc.*, No. 20-2035-DDC-GEB, 2020 WL 7186146, at *5 (D. Kan. Dec. 7, 2020).

[16] *Id.* at *4.

[17] *Id.*

substantially inconvenienced by a Kansas City trial. Thus, the Court finds the convenience of witnesses factor strongly favors setting Topeka as the place of trial.

### C.    Accessibility of Witnesses and Other Sources of Proof

Defendant argues most of the sources of proof are maintained in Topeka. Specifically, the great bulk of the documents concerning Plaintiff's employment and other records identified in the parties' Initial Disclosures are maintained in Topeka, and although they could be transported to Kansas City, it would create an unnecessary burden on all parties. Plaintiff does not address this argument. Because Plaintiff's employment and activities at issue in this case took place in Topeka, the sources of proof are more accessible in Topeka.[18] Therefore, this factor weighs in favor of setting Topeka as the place of trial.

### D.    Fair Trial

Defendant argues there are no obstacles to a fair trial in Topeka even though Defendant is a Topeka employer. Plaintiff argues he will not receive a fair trial in Topeka due to pretrial publicity and jury pool selection.[19]   Specifically, Plaintiff argues "there are lots of citizens in Topeka who knows Mr. Brown whether they be White or Black and are well aware of the litigation past and present that Mr. Brown has had against USD 501 School District."[20] Further, he argues

---

[18] *See Toelkes v. BNSF Railway Company*, No. 15-2651-JAR-GEB, 2015 WL 7312437, at *3 (D. Kan. Nov. 19, 2015) ("Other sources of proof are more accessible in Topeka because Plaintiff's injury and employment by Defendant took place there.").

[19] Plaintiff also argues he would not receive a fair trial due to judicial connections and conflict of interest. However, on October 2, 2023, District Judge Holly L. Teeter addressed this issue and denied Plaintiff's Motion to Disqualify Judge (ECF No. 49). Therefore, this Court will not address the issue.

[20] ECF No. 43, at 1.

that a jury pool in Kansas City would be more diverse and, therefore, the jury pool would be stronger for a discrimination case such as this.[21]

This Court has held that a Plaintiff can receive a fair trial in the city in which he was or is employed and any impartiality of a potential juror can be addressed during voir dire.[22] As discussed in *Busey v. The Board of County Commissioners of the County of Shawnee, Kansas*, the United States District Court in Topeka "sequesters jurors from more than fifteen different Kansas counties," which drastically reduces the chance of selecting jurors who have knowledge or have been impacted by any given case.[23] Therefore, the Court finds that voir dire will be sufficient to address the issue of jurors having knowledge of Plaintiff's current and prior cases against the school district and does not weigh in favor of or against a trial in Topeka.

Plaintiff also argues that a jury pool in Kansas City would be more diverse and therefore stronger for a discrimination case such as this. However, Plaintiff provides no legal support for this argument. Further, as stated above, any question of bias from jurors can be addressed during voir dire. The Court knows of no reason the parties could not have a fair trial in either city and therefore gives no weight to this factor.

### E.    Other Considerations

The final factor to consider weighs "all other practical considerations that make a trial easy, expeditious, and economical."[24] The only new argument Defendant makes with regard to "other considerations" is that a trial in Kansas City would be considerably more expensive for the parties

---

[21] *Id.* at 2.

[22] *Jones v. Wichita State Univ.*, No. CIV.A. 06-2131-KHVGL, 2007 WL 1173053, at *2 (D. Kan. Apr. 19, 2007); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1065 (D. Kan. 1995).

[23] 210 F.R.D. 736, 738 (Oct. 28, 2002).

[24] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

and witnesses since several participants will have to make a daily round trip of more than two hours to Kansas City for trial. Plaintiff and counsel for Defendant are located in Topeka, Kansas. However, the District Judge assigned to the case and staff are located in Kansas City; thus, the convenience of the Court weighs in favor of a trial in Kansas City. On the whole, the Court finds that the "other considerations" slightly weigh in favor of trial in Topeka, Kansas.

Considering all the factors, the Court finds Defendant has met their burden to show that the case should be transferred to Topeka for trial based on its relative convenience for the witnesses, parties, and attorneys involved. As a result, in the interests of justice, the motion to transfer to Topeka is granted.

**IT IS THEREFORE ORDERED THAT** the Defendant's Motion to Determine Topeka as Place of Trial (ECF No. 38) is **GRANTED**. At this time, the Court designates **TOPEKA** as the location of trial.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on this 18th day of October, 2023.

Teresa J. James
U. S. Magistrate Judge