IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK E. BROWN,

Plaintiff,

v.

Case No. 2:22-cv-02519-HLT

UNIFIED SCHOOL DISTRICT #501,

Defendant.

# MEMORANDUM AND ORDER

Plaintiff Mark E. Brown[1] brings this retaliation lawsuit against his former employer, Defendant Unified School District #501. This case stems from Plaintiff's most recent efforts to get Defendant to rehire him after he resigned from school-district employment in 1996. This is Plaintiff's fourth failure-to-rehire lawsuit against Defendant and his fifth lawsuit against it overall.[2] Plaintiff claims that Defendant failed to rehire him twice for a substitute teacher position in retaliation for his past lawsuits. Plaintiff asserts these claims under both Title VII and 42 U.S.C. § 1981. Defendant moves for summary judgment. Doc. 34. The Court grants Defendant's motion because one of Plaintiff's Title VII claims is time-barred and the other is unsupported by the evidence. The § 1981 claims are both improperly filed and alternatively fail on the merits. Defendant also moves to strike a surreply and for sanctions. Doc. 52. The Court addresses that request after resolving the summary judgment motion.

---

[1] The Court is mindful of Plaintiff's pro se status and liberally construes his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not become his advocate. *Id*.

[2] *Brown v. Unified Sch. Dist. #501*, D. Kan. Case No. 5:91-cv-04011-RDR (alleging employment discrimination); *Brown v. Unified Sch. Dist. No. 501*, D. Kan. Case No. 6:04-cv-01193-DWB (alleging race discrimination and retaliation); *Brown v. Unified Sch. Dist. No. 501*, D. Kan. Case No. 6:10-cv-01096-JTM (alleging race discrimination and retaliation); and *Brown v. Unified Sch. Dist. #501*, D. Kan. Case No. 2:17-cv-02390-HLT (alleging race discrimination and retaliation).

**I.     BACKGROUND**[3]

Plaintiff has an extensive history of applying for teaching positions with Defendant. The Court will not recount the extensive history here. An abbreviated list of some of the contents of Plaintiff's personnel file presents the most concise overview of the relevant historical background:

- a 1989 harassment investigation summary with signed sheets from 11 female students;
- a 1989 letter documenting a verbal reprimand for insubordination;
- a 1989 memo terminating a coaching contract;
- a 1990 letter of written reprimand;
- a 1991 letter requesting that Plaintiff be transferred away from a school;
- a 2001 letter stating Plaintiff would not be considered for rehire; and
- letters affirming the no-rehire decision dated September 16, 2002, January 13, 2003, and May 23, 2003.

Plaintiff disputes that the 2001 no-rehire decision was warranted or based on accurate information.

The following chain of events precipitated Plaintiff's latest case:

- <u>July 20, 2021</u>: Plaintiff applied for a substitute teaching position with Defendant.

- <u>July 28, 2021</u>: Plaintiff interviewed by phone with the Substitute Services Coordinator, Nancy McCarter. Plaintiff did not tell McCarter that he knew Defendant had a policy of not rehiring him. Plaintiff claims McCarter offered him the job over the phone, and he accepted. After the phone interview, McCarter checked the human resources information system to see if Plaintiff had worked for Defendant and was eligible for rehire. She saw that he had worked for Defendant but was not eligible for rehire.

- <u>Shortly after Plaintiff's Interview</u>: McCarter spoke with her supervisor Debbie Ramberg about Plaintiff's application. Ramberg confirmed that Plaintiff was not eligible for rehire. Ramberg decided not to reconsider the 2001 no-rehire decision and said she wasn't even

---

[3] For purposes of summary judgment, the following facts are uncontroverted or recited in the light most favorable to the nonmoving party. Plaintiff attempted to controvert Defendant's submitted facts but, in most instances, failed to do so properly. Many of Plaintiff's facts are unsupported by evidence. Others are supported by inadmissible evidence. And others are not material to the issues before the Court. Most of the facts identified below are thus proposed by Defendant and not properly controverted by Plaintiff. The Court understands that Plaintiff proceeds pro se, but he is still bound to comply with the federal rules and the District of Kansas local rules.

- sure Defendant needed additional substitute teachers at that time. Ramberg did not know at the time that Plaintiff had previously sued Defendant.

- Later the Same Day: McCarter called Plaintiff back and told him that Defendant was not hiring. But she did not tell him that he was on a no-rehire list.

- August 20, 2021: Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission (KHRC) and the Equal Employment Opportunity Commission (EEOC). He checked "retaliation" as the basis for the charge.

- October 26, 2021: The EEOC issued a right-to-sue letter to Plaintiff.

- January 18, 2022: Plaintiff sent an email to McCarter "as a follow up" to his July 20, 2021 application, stating that he was still interested in substitute teaching. McCarter did not respond to his email.

- January 26, 2022: WIBW News announced that Defendant had hired at least 50 new substitute teachers for the remainder of the 2021-22 school year.

- January 31, 2022: Plaintiff filed a new charge of discrimination with the KHRC and the EEOC. Plaintiff alleged the date of incident was January 18, 2022 and January 26, 2022. Again, he alleged being denied rehire in retaliation for opposing employment discrimination.

- September 14, 2022: The EEOC issued another right-to-sue letter.

- December 15, 2022: Plaintiff filed the instant suit.

## II.  SUMMARY JUDGMENT MOTION

### A.  Standard.

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Courts applying this standard view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567,

3

569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

**B.     Analysis.**

Plaintiff claims that he was retaliated against twice.[4] One time arises out of his July 2021 application to be a substitute teacher. The other time arises out of his January 2022 email advising Defendant that he was still interested in a substitute position. Plaintiff filed an EEOC charge after each incident. The EEOC issued right-to-sue letters for both. But Plaintiff only filed suit after the second letter issued. This matters for Plaintiff's Title VII claims but not his § 1981 claims. The Court individually addresses each incident under Title VII and then turns to Plaintiff's § 1981 claims.

**1.     Title VII Claims.**

**a.     July 2021 Application.**

Plaintiff's first claim is that Defendant unlawfully retaliated against him when McCarter told him in July 2021 that the district was not hiring any more substitute teachers. The problem with this claim is that Plaintiff did not file suit within ninety days of receiving a right-to-sue letter.

A plaintiff suing under Title VII must meet three procedural conditions before suing: (1) file a timely charge of discrimination with the EEOC; (2) receive an EEOC right-to-sue letter; and

---

[4] Defendant also addresses a possible race-based discrimination claim by Plaintiff. Presumably this is because Plaintiff brought race-based discrimination claims in his prior cases. Plaintiff's factual contentions in the pretrial order also state, "Plaintiff alleges that he was subjected to discrimination and that Defendant's refusal to hire Plaintiff is in retaliation for having filed previous complaints against Defendant." Doc. 33 at 3. But Plaintiff only identifies a legal claim in the pretrial order of unlawful retaliation. *Id.* at 7. Retaliation is the only basis he exhausted and the only basis included in Plaintiff's original complaint. The Court need not address a discrimination claim that Plaintiff did not bring. It would be futile in any event. All the reasons Plaintiff's retaliation claims fail also apply to any allegation of race-based discrimination, although the claims have different elements. Plaintiff fails to substantively respond to Defendant's argument on this issue and makes no showing of race discrimination under any statute.

(3) file suit within ninety days of the letter.[5] *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006). A plaintiff's claims are untimely if not filed within the ninety-day window. And a plaintiff may not revive them by filing a new EEOC charge. *Id.* Title VII claims are generally limited by the scope of the investigation that reasonably can be expected from the charge. *Smith*, 904 F.3d at 1165-66.

Plaintiff meets the first two requirements but not the third. Plaintiff applied for the substitute teacher position on July 20, 2021. He interviewed on July 28. McCarter told him that same day that the district wasn't hiring. Plaintiff filed his EEOC charge on August 20, and the EEOC issued a right-to-sue letter on October 28. Plaintiff did not file suit within ninety days of October 28, rendering this claim untimely.

Plaintiff may want to revive the July 2021 claim by suggesting the January 2022 unanswered email was connected to his July 2021 application.[6] Any such effort would fail. Defendant's decision in July 2021 not to rehire Plaintiff is a discrete act that is separate from Defendant's failure to respond to Plaintiff's email in January 2022. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding that each discrete act starts a new clock to file charges). It is immaterial whether each discrete act was because of the same internal policy. *See Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1185-86 (10th Cir. 2003). The only Title VII claim

---

[5] Exhaustion is an affirmative defense, not a jurisdictional prerequisite. *Lincoln v. BNSF Rwy.*, 900 F.3d 1166, 1185-86 (10th Cir. 2018). But this difference is immaterial when the defendant properly raises the issue. *Smith v. Cheyenne Ret. Inv. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). Defendant has done so here, and Plaintiff comes forth with no evidence suggesting that he timely filed suit after exhausting the July 2021 claim or that he was excused from doing so.

[6] Plaintiff's actual response to Defendant's timeliness argument is less than clear. He states, "[E]ach refusal to hire is a separate act which starts a new clock for filing current alleging that act." Doc. 41 at 8. This seems to suggest that he understands his July 2021 claim may be time-barred. But Plaintiff still argues that the July 2021 decision was retaliatory, so the Court does not assume he concedes it is untimely.

properly before the Court is for retaliatory failure-to-hire in January 2022. The Court grants summary judgment on Plaintiff's Title VII July 2021 claim because it is untimely.[7]

### b.     January 2022 Email.

The Court analyzes Plaintiff's timely retaliation claim under the *McDonnell Douglas* burden-shifting framework. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The plaintiff first must establish a prima facie case of retaliation. *Id.* Then the burden shifts to the defendant to offer a legitimate, nonretaliatory reason for its actions. *Id.* at 1216-17. And the burden then shifts back to the plaintiff to show that the defendant's reason for its actions was mere pretext. *Id.* at 1217.

Plaintiff's first hurdle is to establish his prima facie case. His burden is light, but he still fails to meet it.

A plaintiff shows a prima facie case of discriminatory retaliation by establishing "(1) that [he] engaged in protected opposition to discrimination, (2) that a reasonable [applicant] would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011) (internal quotation marks omitted).

Plaintiff has engaged in protected activity by filing multiple discrimination-based lawsuits against Defendant over the years. But this is the only element of a prima facie case he has met. The challenged action is the failure to answer an email. Plaintiff has presented no evidence or caselaw to support the unlikely premise that a reasonable applicant would have found an unanswered email to be materially adverse. Plaintiff did not reapply for a job in January or

---

[7] Alternatively, this claim fails on the merits for failure to establish a causal connection or pretext, as explained in more detail in the Court's discussion of the January 2022 email.

interview for it. And Plaintiff cannot renew his expired July 2021 claim by sending an email that references his prior application. Simply stated, it stretches credulity to equate an unanswered email with a materially adverse action. The Court concludes that no reasonable jury could find Plaintiff suffered an adverse employment action that a reasonable applicant would have found to be materially adverse.

But even if the Court assumes that Plaintiff meets the second element, he does not meet the third. A plaintiff may establish a causal connection between protected activity and an adverse action by proffering evidence of circumstances justifying an inference of retaliatory motive, such as a protected activity closely followed by adverse action. *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). Generally, "the closer [the challenged action] occurred to the protected activity, the more likely it will support a showing of causation." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). The Tenth Circuit has held that a three-month period, standing alone, is insufficient to establish a causal nexus between protected activity and an adverse employment action. *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997); *cf. Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 596 (10th Cir. 1994) (holding that a one-and-a-half-month period between protected activity and adverse action may, by itself, establish causation), *overruled on other grounds by Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1194-97 (10th Cir. 1998).

The evidence of a connection between Plaintiff's prior lawsuits and the unanswered email is virtually non-existent. Plaintiff claims that Defendant retaliated against him based on his 1991 lawsuit. This borders on absurd. Plaintiff continued working for Defendant for five years after filing the 1991 lawsuit. And when he left Defendant's employment in 1996, he voluntarily resigned because he was moving. Plaintiff's 1991 protected activity is far too attenuated to permit an

7

inference of retaliation based on temporal proximity alone. At the time of his July 2021 application, it had been <u>thirty years</u> since Plaintiff filed his 1991 lawsuit against Defendant.

Even assuming Plaintiff meant that Defendant retaliated against him for his 2004, 2010, or 2017 lawsuits, there is no temporal proximity between any of them and Defendant's failure to respond to Plaintiff's email in January 2022. More than five years passed between Plaintiff's 2017 lawsuit and the instant one.

And time is the only potential connector Plaintiff has. McCarter didn't know Plaintiff had prior lawsuits. Plaintiff has failed to provide anything other than his own speculative and conclusory argument suggesting that his protected employment activity of filing the 1991 lawsuit (or his filing of any of the four lawsuits preceding this current action) caused Defendant's decision not to rehire him. The prima facie burden is not heavy. But it still requires that Plaintiff submit <u>some</u> evidence that would show a causal connection existed.

Plaintiff thus fails to establish a prima facie case of retaliation. The Court nevertheless addresses the remainder of the *McDonnell-Douglas* test in the interest of completeness. Defendant presents a legitimate non-discriminatory reason for once again failing to rehire Plaintiff: The school district has a long-standing "not eligible for rehire" letter in Plaintiff's personnel file. This is sufficient to meet Defendant's burden.

Plaintiff has no evidence of pretext. To show pretext, a plaintiff must demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the defendant's proffered reason for its action such that a reasonable factfinder could find that reason unworthy of credence and infer the defendant did not act for the asserted reason. *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017) (internal quotations omitted). This may be accomplished through (1) evidence that the defendant's stated reason for its action was false, (2) evidence that

the defendant acted contrary to a written company policy prescribing the action to be taken under the circumstances, or (3) evidence that the plaintiff was treated differently than other similarly situated employees who violated work rules of comparable seriousness. *Id.*

In analyzing pretext, a court must examine the facts as they appear to the individual making the employment decision; a court's role is not to "second guess" the defendant's business judgment. *Id.*; *see also Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006). Nor is a court's role to ask whether the decision was wise, fair, or correct. *Dewitt*, 845 F.3d at 1307. Rather, a court must determine whether the defendant honestly believed the legitimate, nondiscriminatory reason it gave for its conduct and acted in good faith on that belief. *Id.* Mere conjecture that the defendant's explanation is pretext is not enough to justify denial of summary judgment. *Id.*

There is simply nothing in the record suggesting that Defendant's failure to answer Plaintiff's email was because of Plaintiff's past lawsuits. There is no evidence in the record suggesting that McCarter or Ramberg even knew about the previous lawsuits. They both submitted affidavits confirming that they did not. Plaintiff presents no policy that McCarter violated. And Plaintiff presents no evidence of similarly situated persons who were hired as a substitute teacher when he was not. The record is devoid of any facts suggesting Defendant's failure to answer Plaintiff's email was based on retaliatory motive.[8] Plaintiff seems to rely on his oft-repeated argument that the evaluations and disciplinary documents in his personnel file are unfair or inaccurate. But Plaintiff's own beliefs about his qualifications do not create a material issue of fact. *Kelly v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1177-78 (10th Cir. 2000). It is not this Court's role to question whether the decision was wise, fair, or correct. *Dewitt*, 845 F.3d at 1307.

---

[8] This outcome is the same even if the Court were to consider Plaintiff's time-barred July 2021 claim. Plaintiff has presented no evidence suggesting that McCarter's statement that the school district was not hiring was untrue. He only points to the alleged advertisements from June 2021, September 2021, and January 2022. None of these suggest a retaliatory motive in July 2021.

9

And judges considering Plaintiff's prior discrimination and retaliation cases have specifically denied Plaintiff's challenge to the 2001 no-rehire decision.[9] *See, e.g.*, *Brown v. Unified Sch. Dist. No. 501*, 2005 WL 6087359, at *8 (D. Kan. 2005); *Brown v. Unified Sch. Dist. No. 501*, 2011 WL 2174948, at *15-16 (D. Kan. 2011). No reasonable jury could determine that Defendant's legitimate reasons for its actions were mere pretext.

Court grants summary judgment on Plaintiff's Title VII retaliatory failure-to-hire claims because Plaintiff fails to meet his burden.

### 2. Section 1981 Claims.

The Court next turns to Plaintiff's § 1981 claims, which are not subject to the same exhaustion requirement as Plaintiff's Title VII claims.

Defendant first contends that Plaintiff never asserted § 1981 claims. But the magistrate judge included the claims in the pretrial order over Defendant's objection. Defendant did not ask the Court to review that decision, so the Court therefore considers the merits of the claims.

Defendant's second argument is that a § 1981 claim is improper as a matter of law. Defendant explains that it is a state actor and, therefore, § 1983 provides the exclusive federal remedy for damages for alleged violations of § 1981 against it. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1134, 1137 (10th Cir. 2006). Because Plaintiff does not allege a § 1983 claim, Defendant seeks summary judgment.

Plaintiff entirely fails to respond to this argument. He does not identify any flaw in Defendant's argument. He does not explain why his § 1981 claim is viable. *See Brown*, 2011 WL

---

[9] Defendant also seeks summary judgment on the basis of res judicata and collateral estoppel. The Court does not discuss these doctrines at length here because Defendant is entitled to summary judgment on other grounds. But, at a minimum, Plaintiff's challenge to the decision to put him on the no-rehire list in 2001 is barred by the doctrine of issue preclusion. He may not repeatedly challenge the same action against the same defendant and expect a different result.

2174948, at *16-17 (advising Plaintiff that a § 1981 claim is not viable). And he does not seek leave to amend or show good cause for failing to reference § 1983. Instead, Plaintiff is silent. It is Plaintiff's burden to litigate this case. He operates pro se, but the Court can't serve as his advocate. Thus, the Court grants Defendant's motion.

Even if the Court could serve as his advocate and was inclined to afford relief never requested (it is not), the Court wouldn't allow Plaintiff leave to amend to frame his claims as arising under § 1983. Discovery is complete, the case has been pretried, and dispositive motions are fully briefed. Trial is set for early April 2024. Amendment would prejudice Defendant and the Court. Discovery likely would need to be reopened on Defendant's policies and procedures. And, most importantly, amendment would be futile because Plaintiff still does not connect his prior lawsuits to Defendant's failure to rehire him now. The Court grants summary judgment on Plaintiff's § 1981 claims because they are improper but alternatively grants it because the claims would fail on the merits even if Plaintiff were permitted to amend.

### III.   DEFENDANT'S REQUEST TO STRIKE AND FOR SANCTIONS

The Court has resolved the substantive summary-judgment issues. The Court turns to the pending motion to strike and request for sanctions. Defendant asks the Court to do two things. First, Defendant asks the Court to strike Plaintiff's unjustified surreplies.[10] Doc. 52. Briefing on motions is ordinarily limited to a motion with a supporting brief, a response, and an optional reply. *See* D. Kan. R. 7.1. Courts allow surreplies only in "rare circumstances." *Dodson Int'l Part, Inc. v. Williams Int'l Co.*, 2020 WL 4904049, at *1 (D. Kan. 2020).

---

[10] The motion asks that the Court strike Plaintiff's surreply to Defendant's motion to determine place of trial. The magistrate judge granted that portion of the motion. Doc. 56 at 1 n.1. The Court incorporates and effectuates that ruling here.

11

Plaintiff did not seek leave to file either surreply. Thus, the motion can be granted for this procedural defect. Even ignoring the procedural defect, Plaintiff does not offer a substantive justification for the surreplies. He does not identify new arguments, present newly discovered evidence, or identify a change in the law.[11] Instead, Plaintiff merely repeats his arguments, trying to get the last word. Plaintiff's surreplies are procedurally and substantively improper, so the Court strikes both (Docs. 48 and 51). The Court, on its own initiative, also strikes the procedurally and substantively improper surreply to the motion to strike, which is Doc. 55.

Second, Defendant asks the Court to sanction Plaintiff because Plaintiff repeatedly files unjustified surreplies without permission and (alternatively) because Plaintiff continues to challenge Defendant's refusal to rehire him despite being told by multiple courts that there is nothing legally infirm about Defendant's decision. The Court declines to issue sanctions given the record in this case. But the Court puts Plaintiff on notice about the following.

Defendant seeks sanctions because Plaintiff mechanically files surreplies. Defendant is correct – this conduct is not allowed. Plaintiff is <u>not allowed</u> to file surreplies without leave from the Court. Defense counsel warned Plaintiff via email that surreplies are not allowed without leave. Plaintiff did not heed that warning and instead filed two more surreplies. Docs. 51 and 55. Plaintiff offers no meaningful explanation for his actions such as confusion about the rules or misunderstanding of the process. And, regardless, even pro se litigants are still required to comply with the federal and local rules, which can be located on the district's website. The Court warns Plaintiff that <u>a party is not allowed to file a surreply without leave of court</u>. The Court expects Plaintiff to comply with this rule in the future. If he does not, the Court will likely consider imposing sanctions to curb the abuse.

---

[11] Indeed, Plaintiff continues to cite decades-old evidence.

Defendant also seeks sanctions because Plaintiff repeatedly challenges its "no rehire" decision. Both the undersigned judge and the Tenth Circuit have found that Defendant's "no rehire" decision is supported by the record. *See Brown v. Unified Sch. Dist. No. 501*, 822 F. App'x 710, 714-15 (10th Cir. 2020); *Brown v. Unified Sch. Dist. No. 501*, 2019 WL 3318183, at *7 (D. Kan. 2019). Both court orders reference uncontroverted evidence of critical evaluations reflecting concerns with Plaintiff's professionalism, communication skills, and inappropriate comments to students. They also observe that a principal requested that Plaintiff be transferred to a different school because she didn't believe Plaintiff could meet her students' needs. Two other District of Kansas judges have found that Plaintiff's challenges to the no-rehire decision are time-barred. *See, e.g.*, *Brown*, 2005 WL 6087359, at *8; *Brown*, 2011 WL 2174948, at *15-16.

It has become apparent that Plaintiff holds the decisions of federal courts in little regard. He has repeatedly challenged the same actions and has refused to accept that Defendant considers him not eligible for rehire. But this is also the first lawsuit Plaintiff has brought pro se. He was represented by counsel in his first four lawsuits. The Court does not sanction Plaintiff. But the Court cautions Plaintiff that Defendant will likely seek monetary or other sanctions should Plaintiff continue to relitigate essentially the same issues. And the case for imposing sanctions becomes more compelling with each suit.

## IV.   CONCLUSION

Plaintiff continues to try to get Defendant to rehire him. And Defendant continues to rely on a "not eligible for rehire" determination made more than twenty years ago. Plaintiff refuses to believe that Defendant's decision not to rehire him can be based on anything but an illegal motive. But a federal magistrate judge, federal district court judges, and the Tenth Circuit Court of Appeals

13

have all told him differently. Defendant has no obligation to reconsider its position on Plaintiff's eligibility, regardless of how many times Plaintiff applies for a new position.

THE COURT THEREFORE ORDERS that Defendant's motion for summary judgment (Doc. 34) is GRANTED IN PART AND DENIED IN PART. The Court grants summary judgment on Plaintiff's claims but declines at this time to sanction Plaintiff as requested by Defendant. The case is closed.

THE COURT FURTHER ORDERS that Defendant's motion to strike Plaintiff's surreplies (Doc. 52) is GRANTED. The surreplies (Docs. 48 and 51) are stricken from the record. But the Court does not sanction Plaintiff at this time.

THE COURT FURTHER ORDERS that Plaintiff's surreply (Doc. 55) is STRICKEN from the record.

IT IS SO ORDERED.

Dated: November 30, 2023                    /s/ *Holly L. Teeter*
                                                HOLLY L. TEETER
                                                UNITED STATES DISTRICT JUDGE